The bill is to foreclose two concurrent purchase-money mortgages of $3,700 each; one a building and loan mortgage, the other a straight mortgage. Both are in default. The purchase price was $7,500.
The defense, by way of counter-claim, is that, at the time the defendant purchased the property, the complainant represented that the house on the lot was entirely within the boundaries of the lot. The house extends across the westerly boundary and on to the adjoining land ten feet, plus. The overlap is admitted, the extent is in dispute. The misrepresentation is proved; there was no denial. It was made by a responsible official of the complainant who apparently believed the statement to be true; he expressed his assurance and "guaranteed" that the property was as he represented it to be because they had a surety company bond which guaranteed it. The representation was made to Mr. Noll. He *Page 164 
negotiated the purchase. Title was taken in Mrs. Noll's name. He was not at the closing; his wife, his lawyer (Mr. Garrison) and the attorney of the complainant (Mr. Eisner) attended. The complainant gave a deed of bargain and sale. Mr. Eisner showed the title guarantee to Mr. Garrison, explained that the surety company had excepted the survey from the guarantee and urged him to have a survey made, saying that it would be for the interest of the purchaser and also for the building and loan that it be done. None of them knew of the misrepresentation.
While it may be that a bargain and sale deed and the urge that a survey be made in the interest of both parties would ordinarily quicken one to inquire, the misrepresentation was not withdrawn, the circumstances were not countervailing, and there was no duty to test the truth.
It is true, as is contended, that the rule of caveat emptor
obtains and no liability flows from a deed of bargain and sale, there being no covenants. Hawthorne v. Odenson, 94 N.J. Eq. 588.
But the counter-claim does not count on contract. Had there been the usual covenants there would be no breach, for the title to the land is not impeached. The charge is fraud, unrelated to the title. The misrepresentation was not deceitful. In O'Brien
v. Hulfish, 22 N.J. Eq. 471, there were full covenants, and it was held that a cross action would lie to a bill to foreclose a purchase-money mortgage, for damages, for deceitful
misrepresentation as to title. In Melick v. Dayton, 34 N.J. Eq. 245,
on foreclosure of a purchase-money mortgage an abatement was sought on the ground of a misrepresentation as to the quantum of land, but as there was no deceit there was no recovery. In Hawthorne v. Odenson, supra, it was laid down that, where there is a covenant of title and the representation as to the title is untrue, resort must be had to the covenant.
Proof of deceit is not essential in equitable remedies; reformation, rescission, cancellation and the like. It is sufficient if the representation be untrue, was relied upon, and injury ensued. Eibel v. Von Fell, 55 N.J. Eq. 670. But *Page 165 
where the cause is legal in nature and redress may be afforded in an equity action, the rules of law are applied. Moral delinquency is essential to a recovery at law for fraud. Cowley v. Smyth,46 N.J. Law 380. The counter-claim in this case is entertained to avoid circuity of action. Shannon v. Marselis, 1 N.J. Eq. 413.
But the proof of fraud must meet the legal standard of conscious fraud. Faulkner v. Wassmer, 77 N.J. Eq. 537. The defendant fails on that score.
Abatement of the mortgage debt, however, may be allowed on the ground of gross mistake occasioned by the misrepresentation, in analogy to relief granted for non-fraudulent misrepresentation in the quantum of land. In Melick v. Dayton, supra, it is held that abatement will be made where there is a gross mistake. "Gross mistake is where the difference between the actual and the estimated quantity of land represented is so great as to clearly warrant the conclusion that the parties would not have contracted had they known the truth." The principle was adopted in Cartun
v. Myers, 78 N.J. Eq. 303; 82 Atl. Rep. 14. It is apposite and will be applied.
The defendant, after notice of the fraud, paid something on the principal of the mortgages, the interest and taxes, and laid out considerable in improvements, and an estoppel is invoked. An answer is: It is not pleaded. Scrymser v. Seabright ElectricLight Co., 74 N.J. Eq. 587. But damages, not rescission, is the relief asked. If the effort were for rescission, diligence would be essential and delay would be an equitable bar. Eibel v. VonFell, supra. It appears, however, that the defendant constantly protested and the complainant, admitting the wrong, as often held out hope that adjoining property would be purchased and handed over. Both parties played along. Interest fell in arrears and, upon default, the complainant of right foreclosed; and of right the defendant counter-claimed the injury suffered by the misrepresentation. This being strictly defensive, the defendant properly awaited the attack.
It was left open to the surveyors to agree, if they could, as *Page 166 
to the extent of the overlap. We have not been informed that they have come to an understanding. Under the evidence before us we find that the overlap is ten feet, plus.
The measure of damage is the cost of moving the house. The only evidence before us is an estimate of between $1,500 and $1,800 by the defendant's witness. We fix the damage at $1,500 and the mortgage debt will be reduced by that sum unless complainant applies for a further hearing, in which event that question will be referred to a master.
Decree accordingly.